UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
……………………………………………………….x

SHANET VIRUET

                                 Plaintiff,

       -against-

CITY OF NEW YORK and NEW YORK CITY
OFFICE OF ADMINISTRATIVE TRIALS AND
HEARINGS

                                 Defendants.
……………………………………………………….x

Index No.

**VERIFIED COMPLAINT**

JURY TRIAL
REQUESTED

Plaintiff, by her attorney, ALBERT VAN-LARE, ESQ., complaining of the defendants alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

3. State law matters in this Complaint are brought pursuant to this Court's Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

4. Shanet Viruet (Plaintiff) is an attorney and former Administrative Law Judge (ALJ) employed by Defendants.

5. Defendant City of New York (City) is a municipal corporation existing under the laws of the State of New York.

6. Defendant New York City Office of Administrative Trials and Hearings (OATH) is an agency of the City of New York.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for the City as an Administrative Law Judge (ALJ) at the New York City Department of Consumer Affairs (DCA) until June 2016.

8. Plaintiff has the civil service title of an attorney and was functionally assigned as an ALJ to DCA.

9. As an ALJ Plaintiff adjudicated cases involving respondents subject to the jurisdiction of DCA.

10. The City made a governmental decision to transfer the functions of ALJs from DCA to OATH.

11. Plaintiff does not dispute the powers and rights of the Defendants to arrange and accept interagency transfer of functions.

12. It is undisputed by the parties in this action that functional transfers are subject to Section 70 of the New York State Civil Service Law.

13. The City arranged for the functions of the ALJs to be transferred, from DCA to OATH, a judicial tribunal operated by the City, in a manner that ignored the provisions of Section 70 of the New York State Civil Service Law.

14. The City transferred the functions of the ALJ completely to OATH but declined to comply with legal provisions by transferring the ALJs to OATH to continue their functions as required by law. The City and OATH applied a different and discriminatory standard to Plaintiff and other similarly ALJs thereby violating equal protection clause of the 14th Amendment to the U.S Constitution

15. OATH accepted the transferred functions and incorporated the functions into its structure but also improperly declined to accept these ALJs notwithstanding the fact that they meritoriously performed their functions for years in competent and trustworthy manners.

16. The refusal by OATH to accept the ALJs was not based on competency, qualifications, or merit.

17. Although OATH refused to accept these well qualified judges it nevertheless advertised and hired several judges on part time and full time bases to perform, among others, the functions of ALJs at DCA that were transferred into OATH.

18. Plaintiff and several other ALJs protested the decision to deny them their rights under Section 70 of the Civil Service Law. The Defendants ignored the protests and complaints by Plaintiff and some other similarly situated ALJs.

19. Rather than allow DCA ALJs who are competent, fair, independent and knowledgeable in what they do to continue their work at OATH as required by law the Defendants established an illegal and unconscionable system designed to weed out these qualified ALJs from continuing their functions contrary to the statute and long established policy foundation of the City on functional transfers including the transfer of Jamaica Water into NYC Department of Environmental Protection, Prison Health Services into Department of Health and HHC, HRA into ACS, HRA into DHA and DHS into HRA, Department of Transportation PVB into Department of Finance, including the functional transfer of the ALJS in PVB, among others. Plaintiff and others were subjected to retaliation, harassment and hostile work environment because they opposed the illegal manner DCA and OATH administered the functional transfer and voiced their opposition to DCA.

20. The Defendants deprived Plaintiff and others of their State and Federal Constitutional rights when they treated them differently by denying them their statutory rights to functional transfers thereby compromising their career prospects without any due justification in law, tradition, past practice, or public policy.

21. The Defendants without any basis in law refused to offer positions to these ALJs thereby disrupting the career ladder and prospects of these ALJs, including the Plaintiff and abusing the statutory rights of these ALJs.

22. The City subjected Plaintiff and others to hostile work environment when they protested the manner the City conducted the transfers.

23. Some of the punitive actions taken against Plaintiff and others similarly situated included unnecessary threats of discipline, refusal to accommodate reasonable requests, assignment to less desirable tasks under oppressive conditions, and assignment to inadequate and uncomfortable work spaces and constant and unreasonable revisions of tasks in manners calculated to frustrate Plaintiff and others who are similarly affected and have not yet joined this action as plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION

24. Paragraphs 1 through 23 are realleged as if set forth herein verbatim and incorporated by reference.

25. Defendants violated Plaintiff's rights and their own policies when they engaged in unlawful harassment, and created hostile work environment for plaintiff and others similarly situated.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Paragraphs 1 through 25 are realleged as if set forth herein verbatim and incorporated by reference.

27. Defendants violated Plaintiff's rights under Section 70 of the New York Civil Service law when they engaged in retaliation against Plaintiff for invoking her statutory rights under Section 70 and when they refused to comply with provisions of Section 70.

## AS AND FOR A THIRD CAUSE OF ACTION

28. Paragraphs 1 through 27 are realleged as if set forth herein verbatim and incorporated by reference.

29. Plaintiff seeks enforcement of her federal rights against Defendants pursuant to 42 USC 1983.

30. Defendants violated Plaintiff's rights under the United States Constitution.

## AS AND FOR A FOURTH CAUSE OF ACTION

31. Paragraphs 1 through 30 are realleged as if set forth herein verbatim and incorporated by reference.

32. Defendants violated Plaintiff's rights under the New York State Constitution.

WHEREFORE, Plaintiff demands the following relief, jointly and severally against all the Defendants or as otherwise stated:

A. A Declaratory judgment that the conduct, practices, and acts complained of herein are illegal and a fair opportunity to allow Plaintiff to return to her assignment as an ALJ.

B. A preliminary and permanent injunction preventing the Defendants from engaging in all forms of harassment and retaliation against Plaintiff.

C. An order granting damages totaling the greater of $850,000.00 or the amount to be proven at trial.

D. That the Court tax the costs of this action against Defendants, including Plaintiff's attorney's fees incurred in the prosecution of this case.

E. Any and all further relief in law and equity deem necessary by the Court.

Dated: New York, New York
        October 25, 2016

Respectfully submitted,

*Albert Van-Lare*
_____
Albert Van-Lare
The Law Offices of Albert Van-Lare
Attorneys for Plaintiff
125 Maiden Lane, Suite 510
New York, NY 10005
(212) 608-1400