USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/02/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHANET VIRUET,

                         Plaintiff,

         -against-

THE CITY OF NEW YORK et al.,

                         Defendants.
-----------------------------------------------------------------X

**ORDER**

16-CV-8327 (JGK) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      On February 20, 2020, the Court issued an order directing Plaintiff to, among other things, file a letter with the Court by no later than **February 21, 2020** advising the Court: (1) whether she will be available for her deposition on **April 10, 2020** and, if not, to provide three alternate dates when she will be available; and (2) clarifying whether she will be claiming any mental health-related damages beyond "garden variety" emotional distress damages and, if so, to sign HIPAA authorizations by no later than **February 21, 2020**. (Doc. No. 133.) The Order clearly stated that, "[f]ailure to comply with Court orders . . . may result in sanctions." (*Id.*)

      By letter dated February 21, 2020, Plaintiff advised the court that she will be unavailable for her deposition on April 10, 2020 and that she will need an unspecified amount of additional time to determine the dates when she will be available. (Doc. No. 134.) Plaintiff did not ask the Court for an extension of time to provide dates when she will be available for her deposition. Plaintiff also represented that she has conferred with Defendants' counsel with respect to the HIPAA releases and that he "agreed to continue conference on modifications to the demand." (*Id.*) Plaintiff's letter also indicated that Defendants' counsel was provided with a copy of the letter. (*Id.*)

By letter dated February 27, 2020, Defendants' counsel advised that, in addition to omitting much of the information required by the Court from her letter, Plaintiff has been refusing to sign HIPAA releases and has been refusing to meet and confer with him by ignoring his emails. He also states that Plaintiff's representation that he "agreed to continue conference on modification of the demand [for the HIPPAA releases]" is "patently false and a misrepresentation to the Court." (Doc. No. 135.) Defendants' counsel also avers that Plaintiff did not send him a copy of her letter either via email or regular mail. (*Id.*) In their letter, Defendants are requesting that the Court sanction Plaintiff for failing to comply with her discovery obligations and failing to follow this Court's orders. (*Id.*)

Although the Court has repeatedly warned Plaintiff – who is an attorney – that she may be sanctioned for failing to comply with its orders, it has, nevertheless, given Plaintiff opportunity after opportunity to comply. Clearly, Plaintiff has interpreted this Court's restraint as a signal that she will not be sanctioned, even if she continues to flout this Court's orders. Plaintiff is incorrect. The Court will grant Plaintiff **one final opportunity** to provide three dates when she is available for her deposition (before April 30, 2020) and to provide Defendants' counsel with HIPAA releases. Plaintiff must provide Defendant's counsel with the dates when she will be available for her deposition, her HIPAA authorizations, and document requests and interrogatories by no later than **March 6, 2020**. **Failure to comply will result in sanctions, which may include a recommendation that this action be dismissed.**

Defendants' counsel is instructed to file a letter on ECF by no later than **March 9, 2020** advising the Court whether Plaintiff has provided: the dates when she will be available for her

deposition; HIPAA authorizations; interrogatories; and document requests. If Plaintiff fails to provide such information to Defendants, Defendants may file a motion seeking sanctions. Such motion shall be due by **March 16, 2020**, and Defendants are also instructed to serve the motion on Plaintiff via email. Plaintiff may file an opposition brief by no later than **March 30, 2020** with a courtesy copy submitted via email to: Parker_NYSDChambers@nysd.uscourts.gov. Plaintiff must also serve her brief on Defendants' counsel via email by no later than **March 30, 2020**. There will be no reply and no extensions of time will be granted. If filed, the Court will hear argument on the sanctions motion during the previously scheduled status conference on **March 31, 2020 at 4:00 p.m.**

Defendants are directed to send a copy of this Order to Plaintiff via email. The Clerk of Court is respectfully directed to mail a copy of this order to the Plaintiff.

SO ORDERED.

Dated: March 2, 2020
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge